IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RODNEY JOHN NECAISSE** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CIVIL NO.: 1:15cv219-HSO-JCG** |
| § | | |
| **CAROLYN W. COLVIN,** § | | |
| *Acting Commissioner of Social* § | | |
| *Security* § | | **DEFENDANT** |

**ORDER OVERRULING PLAINTIFF RODNEY NECAISSE'S OBJECTION [20], ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND AFFIRMING THE DECISION OF THE COMMISSIONER**

BEFORE THE COURT is the Objection [20] filed by Plaintiff Rodney Necaisse ("Plaintiff") to the Report and Recommendation [19] of United States Magistrate Judge John C. Gargiulo. After reviewing the record and relevant legal authority, the Court finds that Plaintiff's Objection [20] should be overruled, that the Magistrate Judge's Report and Recommendation [19] should be adopted in its entirety as the finding of the Court, that Plaintiff's Motion for Summary Judgment [12] should be denied, and that the decision of Defendant,[1] Acting Commissioner of Social Security ("Defendant" or "Commissioner"), denying disability benefits should be affirmed.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and will be substituted for Acting Commissioner Carolyn W. Colvin as Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  *See* Def.'s Not. [21] at 1 n.1.

I. BACKGROUND

Plaintiff was born in 1963, and stopped working in 2005 due to neck and back problems for which he underwent spinal surgeries in 2000, 2005, and 2007. R. [9] at 75. Plaintiff also suffers from depression. *Id.* On October 3, 2010, Plaintiff filed an application for Social Security disability insurance benefits, claiming that his disability began on October 9, 2008. Pl.'s Mem. Supp. Mot. [13] at 1. Plaintiff alleges disability due to "back pain, neck pain, leg and foot cramps, anxiety, and depression." *Id.*

The Social Security Administration initially denied Plaintiff's application on January 27, 2011, and thereafter upheld the decision upon reconsideration on March 14, 2011. *Id.* After a hearing before Administrative Law Judge James Barter ("ALJ Barter") on March 19, 2012, the ALJ issued a decision on April 27, 2012, concluding that Plaintiff has the residual functional capacity ("RFC") to perform unskilled sedentary work and is not disabled. *Id.*

Plaintiff sought review of ALJ Barter's decision before the Appeals Council, which vacated the decision and remanded the case with instructions to provide a "more comprehensive discussion of the impact of claimant's mental limitations" on Plaintiff's RFC. R. [9] at 233. The Appeals Council instructed the ALJ to give further consideration to the opinions of treating physician Dr. Gosey, including a December 2011 opinion rendered after the date last insured, because earlier treating notes from the relevant period reflected findings similar to those in the December 2011 opinion. *Id.* at 233-34. Lastly, the Appeals Council ordered the ALJ

to obtain supplemental evidence from a vocational expert, if warranted by the expanded record on remand, to clarify the effect of Plaintiff's assessed limitations on his occupational base. *Id*. at 234.

On remand, Administrative Law Judge Wallace Weakley ("ALJ Weakley") conducted a video hearing on November 20, 2013, with testimony from Plaintiff and an impartial vocational expert. R. [9] at 70. ALJ Weakley subsequently issued a decision on February 7, 2014, finding that Plaintiff is not disabled. *Id*. at 70-81. The Appeals Council denied Plaintiff's request to review ALJ Weakley's decision. *Id*. at 5-8.

Plaintiff filed this civil action on July 8, 2015, seeking a reversal of the Commissioner's decision to deny disability benefits, or, alternatively, remand of the case for further hearing, and an award of attorneys' fees. Compl. [1] at 1-2. On February 15, 2016, Plaintiff filed a Motion for Summary Judgment [12] seeking the same relief.

Following briefing by the parties, the Magistrate Judge issued a Report and Recommendation [19] that Plaintiff's Motion for Summary Judgment [12] be denied and that the decision of the Commissioner be affirmed. Plaintiff filed an Objection [20], and Defendant filed a Notice [21] that she would not file a response to the Objection [20], but urged the Court to adopt the Magistrate Judge's Report and Recommendation [19] and affirm the denial of benefits. Def.'s Not. [21] at 1.

II. <u>ANALYSIS</u>

A.    <u>Standard of Review</u>

Because Plaintiff has filed an Objection [20] to the Magistrate Judge's Report and Recommendation [19], the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (a party filing a written objection is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). In reviewing the decision, the Court "considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports [the] decision." *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012).

"Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). Under this standard, a court cannot "re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Id.*

To the extent that a party does not object to portions of a magistrate judge's report and recommendation, the Court need not conduct a de novo review of the recommendation. *See* 28 U.S.C. § 636(b)(1). In such cases, the Court need only review the report and recommendation and determine whether it is either clearly

erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.    <u>Standard for Entitlement to Social Security Benefits</u>

The United States Court of Appeals for the Fifth Circuit has explained that

> to qualify for disability insurance benefits . . . a claimant must suffer from a disability. *See* 42 U.S.C. § 423(d)(1)(A). The Social Security Act defines a disability as a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity." *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *see also* 42 U.S.C. § 423(d)(1)(A). The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). The Fifth Circuit has described the five-step analysis as follows:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment enumerated in the listing of impairments in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the [Commissioner] to establish that the claimant can perform relevant work. If the [Commissioner] meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (internal citations and quotation omitted). A claimant bears the burden of proof with respect to the first four steps of the inquiry. *Id*.

C.      The Administrative Law Judge's Decision

After conducting the five-step analysis, ALJ Weakley issued an adverse decision that Plaintiff was not disabled within the meaning of the Social Security Act from the onset date of October 9, 2008, until the date last insured, December 31, 2010. R. [9] at 70-81. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity during this time period. *Id.* at 72. Second, the ALJ determined that Plaintiff has the following severe physical and mental impairments that significantly interfere with Plaintiff's ability to perform employment-related activities: borderline intellectual functioning; unspecified depressive disorder; left L5 radiculopathy; status-post C5-6 fusion; status-post L4-5 laminotomy; and status-post lumbar surgery. *Id.* at 72-73.

Third, the ALJ found that Plaintiff's combination of impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. *Id.* at 73. The ALJ considered listing 1.04, which concerns disorders of the spine, and concluded that Plaintiff does not have nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in an inability to ambulate effectively as required in order to meet the listing. *Id.*

ALJ Weakley also considered listing 12.04, which relates to depressive, bipolar, and related disorders, and concluded that Plaintiff does not meet the severity of either paragraph B or C of the listing. *Id.* at 73-74. Plaintiff's mental impairments did not satisfy paragraph B of the listing, which evaluates limitations in mental functioning, when Plaintiff experienced only mild limitations in his

6

activities of daily living and social functioning, and experienced moderate limitations in maintaining concentration, persistence, or pace, with no episodes of decompensation for an extended duration of time. *Id*. Plaintiff also did not satisfy paragraph C of the listing, which contains criteria for evaluating mental disorders that are "serious and persistent." *Id*. at 74.

Fourth, the ALJ determined that, while Plaintiff is unable to perform past relevant work as a casting operator, Plaintiff has the RFC to perform unskilled sedentary work with a sit/stand option whereby Plaintiff can sit for up to twenty minutes and stand for up to fifteen minutes at a time; stoop, bend, and climb stairs occasionally; and stand or sit for eight hours total in a workday. *Id*. at 74, 79. The ALJ concluded that Plaintiff can walk for only 50-100 yards at a time and would not be able to "balance or work around heights." *Id*. at 74. The ALJ further determined that Plaintiff's moderate limitations in maintaining concentration, persistence, or pace restricts Plaintiff to the performance of routine tasks without production quotas. *Id*. at 74-75.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable mental and physical impairments could reasonably be expected to cause his alleged symptoms. *Id*. at 76. In evaluating the intensity, persistence, or functionally limiting effects of pain or other symptoms, the ALJ found that Plaintiff's statements regarding these symptoms were not entirely credible and were not substantiated by the objective medical evidence. *Id*. at 76-77. For example, the ALJ found that Plaintiff's ability to function well after running out of

7

pain medication suggested that his pain was not as limiting as he contends.  *Id*. at 77.  Additionally, the medical record contained no diagnostic tests indicating that Plaintiff could not work during the relevant period, and the treating physician Dr. Gosey's notes regarding Plaintiff's back and neck problems were mostly "just a recitation of [Plaintiff's] subjective complaints."  *Id*. at 76-77.

The ALJ further concluded that the evidence, including the results of mental status examinations conducted in April 2009 and January 2011, did not show that Plaintiff suffers from a disabling mental condition.  *Id*. at 77-78.  The ALJ gave significant weight "to the objective details and chronology of the record," as well as to the opinions of the examining psychologist, Dr. Hetrick, and a State agency psychologist, Dr. Hudson, that were consistent with the objective evidence.  *Id*. at 78.

Finally, the ALJ determined that, given Plaintiff's RFC, age, education, and work experience, "it is clear that [Plaintiff] could perform many work-related activities within a restricted range of sedentary work" that require only "routine, repetitive tasks with no production quotas."  *Id*. at 79.  The vocational expert testified that Plaintiff is able to perform sedentary, unskilled positions such as booth cashier, order taker, or gate tender, that exist in significant numbers in the national economy.  *Id*. at 80.  Accordingly, the ALJ concluded that Plaintiff is not disabled as defined in the Social Security Act, from the alleged onset date of October 9, 2008, through December 31, 2010, the date last insured.  *Id*.

D.     The Magistrate Judge's Report and Recommendation [19]

On January 30, 2017, the Magistrate Judge entered his Report and Recommendation [19] that Plaintiff's Motion for Summary Judgment [12] be denied, and that the Commissioner's decision to deny disability benefits be affirmed because it was supported by substantial evidence and applied the correct legal standards.  R. & R. [19] at 1.

The Magistrate Judge found that, although the ALJ provided a "scant discussion" of Plaintiff's reading comprehension, the record contained sufficient evidence to support the ALJ's implicit finding that Plaintiff was not illiterate.  *Id.* at 11-12.  Because the record contained sufficient evidence for the ALJ to reach a disability determination, an additional consultative examination to specifically assess Plaintiff's ability to read was not necessary.  *Id.*

The Magistrate Judge also determined that the ALJ complied with the order of the Appeals Council to provide a further evaluation of Dr. Gosey's opinions regarding Plaintiff's physical impairments, and that the ALJ properly disregarded Dr. Gosey's conclusion that Plaintiff is disabled because "the ALJ has sole responsibility for determining a claimant's disability status."  *Id.* at 13-14 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)).  Finally, the Magistrate Judge afforded "great deference" to the ALJ's credibility determination regarding Plaintiff's testimony, finding that it was supported by substantial objective evidence contradicting Plaintiff's reported symptoms.  *Id.*

9

E.  Plaintiff's Objection [20]

Plaintiff objects to the Magistrate Judge's Report and Recommendation [19], arguing that it was improper for the Magistrate Judge to justify "the ALJ's failure to discuss illiteracy or order a consultative evaluation to assess illiteracy" by pointing to the absence of evidence in the record that Plaintiff was illiterate, when the ALJ did not make these specific findings in his opinion. Obj. [20]. at 1-2. Plaintiff is correct that the ALJ made no assessment of Plaintiff's reading comprehension in particular; however, the ALJ was not required to make such a finding in order to determine whether Plaintiff was disabled.

Plaintiff also objects to the Magistrate Judge's finding that the ALJ did not err when he implicitly rejected the August 2013 Physical Medical Source Statement of Dr. Gosey by failing to discuss it in the decision. Obj. [20] at 2. However, the Court concludes that the ALJ provided an appropriate evaluation of Dr. Gosey's opinions and explained the weight given to them.

F.  The ALJ's Decision is Supported by Substantial Evidence

Neither illiteracy nor borderline intellectual functioning is one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1 to be considered in the third step of the ALJ's inquiry. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (finding "no support for the conclusion that [the claimant's] low mental capacity is a non-exertional impairment rendering him entirely unable to perform light or sedentary work"). Plaintiff's reading ability is instead relevant at the fifth step of the inquiry, in which the ALJ determines whether jobs exist in significant

numbers in the national economy that Plaintiff could perform, given his RFC and the vocational factors of age, education, and work experience. 20 C.F.R. § 404.1520; § 404.1564.

Education as a vocational factor "is primarily used to mean formal schooling or other training which contributes to [Plaintiff's] ability to meet vocational requirements, for example, reasoning ability, communication skills, and arithmetical ability." 20 C.F.R. § 404.1564(1). Consideration of this factor includes a claimant's illiteracy or inability to communicate in English. *Id*. The agency regulations define illiteracy as

> the inability to read or write. [The Social Security Administration] consider[s] someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

20 C.F.R. § 404.1564(b)(1).

The ALJ clearly considered Plaintiff's education as a vocational factor in concluding that Plaintiff is able to adjust to other work, as required by 20 C.F.R. § 404.1520(g)(1). The ALJ specifically found that Plaintiff has a high school education and is able to communicate in English. R. [9] at 79 (citing 20 C.F.R. § 404.1564). In considering Plaintiff's RFC and vocational factors in conjunction with the Medical-Vocational Guidelines, the ALJ found that Plaintiff's ability to perform the full range of sedentary work was impeded by additional limitations. *Id*. at 80. In order to determine the extent to which these limitations affected Plaintiff's ability to perform unskilled sedentary work, the ALJ obtained testimony

11

from the vocational expert who concluded that "given all of these factors [Plaintiff] would have been able to perform the requirements of representative occupations." *Id.* Moreover, the ALJ provided a substantial discussion of the medical record concerning Plaintiff's intellectual functioning. *Id.* at 77-78.

The Court finds that ALJ Weakley did not err by failing to order a separate consultative examination to assess Plaintiff's literacy. "An ALJ must order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citation omitted); *see also Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990) (finding that below average intelligence does not qualify as a non-exertional impairment, such that the ALJ was not required to consult a vocational expert to make a disability determination). Based on the ALJ's consideration of testimony from the vocational expert as well as a consultative psychological examination, the Court is persuaded that the ALJ satisfied his duty to fully develop the record regarding Plaintiff's intellectual functioning. *See* R. [9] at 78-79.

Although the ALJ was not required to make a finding as to whether Plaintiff is illiterate or not, the Court notes that the record contradicts Plaintiff's assertion that he is illiterate, as defined by 20 C.F.R. § 404.1564. It is undisputed that Plaintiff graduated from high school, is able to drive, and was employed for over two decades. R. [9] at 75; *see also Pena v. Astrue*, 271 F. App'x 382, 384 (5th Cir. 2008) (affirming finding that the plaintiff was functionally literate when he read at a first

grade level, passed the sixth grade, could "read and write 'a little bit' but not well, and . . . had difficulty with reading comprehension").

Furthermore, Plaintiff has failed to point to any medical opinion in the record that his illiteracy or low intellectual functioning renders him unable to engage in the type of work recommended by the ALJ. *See* R. & R. [19] at 12; *see also Hernandez v. Astrue*, 278 F. App'x 333, 339 (5th Cir. 2008) (substantial evidence supported the finding that the plaintiff possessed the capacity to perform certain jobs when he "completed an initial disability report himself and indicated that he could speak, understand, read, and write in English" and "testified at the hearing that he could speak some English but has trouble understanding English speakers who speak too quickly").

Although Dr. Hetrick suggested that Plaintiff "may have a reading disorder" and could benefit from additional evaluation of his intellectual and academic functioning, the ALJ was not bound to follow this suggestion. R. [9] at 419. The ALJ was also not required to address every piece of evidence, particularly Plaintiff's subjective statements regarding his reading comprehension that were contradicted by objective evidence in the record. *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) (finding that the ALJ need not specify which piece of evidence was accepted or rejected when articulating reasons for rejecting a claimant's subjective complaints). Plaintiff's Objection [20] on this basis will be overruled.

Plaintiff further objects to the Magistrate Judge's determination that the ALJ did not err when he implicitly rejected the August 2013 Physical Medical

13

Source Statement of Dr. Gosey by failing to discuss it in the decision. Obj. [20] at 2. The 2013 opinion at issue briefly describes Plaintiff's chronic pain and reflects Dr. Gosey's answers to questions printed on a form. R. [9] at 497-501.

Dr. Gosey indicated that Plaintiff experiences pain or other symptoms "constantly," that his impairments are expected to last at least twelve months, and that Plaintiff is moderately limited in his ability to deal with work stress. *Id.* at 498. Dr. Gosey opined that Plaintiff is able to walk three or four city blocks without resting, can sit or stand continuously for thirty minutes at a time, can sit or stand total for two hours each in an eight-hour workday, and should walk for five to ten minutes out of every thirty minutes. *Id.* at 499. The opinion stated that Plaintiff would need a job that allowed him to shift positions from walking to sitting to standing at will, and to take occasional unscheduled breaks for fifteen to thirty minutes. *Id.* Dr. Gosey indicated that Plaintiff would be able to occasionally lift up to ten pounds, that he would not have any significant limitations performing repetitive movements of his hands or fingers, that Plaintiff was able to bend and twist at the waist, and that he could be expected to be absent from work about once a month on account of his impairments. *Id.* at 500.

Although the opinion was rendered after the date last insured, Plaintiff argues that Dr. Gosey opined on limitations that had been present since Dr. Gosey began treating Plaintiff in 2005. Obj. [20] at 2. As an initial matter, the Court notes that the ALJ was not required to consider evidence relating "to a disability or to the deterioration of a previously non-disabling condition resulting after the

14

period for which benefits are sought." *Ripley v. Chater*, 67 F.3d 552, 555 n.14 (5th Cir. 1995).  Assuming that the ALJ should have discussed the 2013 Physician Medical Source Statement specifically, it does not appear that the outcome of the determination would have been any different if such a discussion had been included. *See id.* at 555 (material evidence is that which not only relates to the relevant time period, but which also has a reasonable probability of changing the outcome of the Commissioner's decision).

It is apparent that the ALJ considered Dr. Gosey's treatment notes from the relevant period and included a discussion of Dr. Gosey's opinions of Plaintiff's physical impairments in the decision.  R. [9] at 76-78.  The ALJ's findings that Plaintiff has the RFC to perform unskilled sedentary work with a sit/stand option whereby Plaintiff could sit for up to twenty minutes and stand for up to fifteen minutes at a time; stoop, bend, and climb stairs occasionally; stand or sit for eight hours total in a workday, and walk for short distances are consistent with Dr. Gosey's 2013 recommendations.  R. [9] at 74, 79.

Although he considered Dr. Gosey's opinions, the ALJ stated that they were afforded little weight because "it is apparent that he relied quite heavily on the subjective report of symptoms and limitations provided by [Plaintiff], and seemed uncritically to accept as true most, if not all, of what [Plaintiff] reported." R. [9] at 78.  The Court concludes that the ALJ complied with the instructions of the Appeals Council to provide a further evaluation of Dr. Gosey's opinions and to explain the weight given to them.

The Court finds that there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled; therefore, Plaintiff's Objection [20] will be overruled, and his Motion for Summary Judgment [12] will be denied.  The Magistrate Judge's Report and Recommendation [19] will be adopted as the opinion of this Court, together with the additional findings made herein.

### III. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the record and those matters raised in Plaintiff's Objection [20].  For the reasons set forth above, the Court concludes that Plaintiff's Objection [20] should be overruled and his Motion for Summary Judgment [12] should be denied.  To the extent Plaintiff did not object to portions of the Magistrate Judge's Report and Recommendation [19], the Court finds that those portions are neither clearly erroneous nor contrary to law.  *Wilson*, 864 F.2d at 1221.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Objection [20] filed by Plaintiff Rodney Necaisse is **OVERRULED**, and the Report and Recommendation [19] of Magistrate Judge John C. Gargiulo is adopted in its entirety as the finding of this Court, along with the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Nancy A. Berryhill, Acting Commissioner of Social Security, is substituted as Defendant in this cause.  The Clerk of Court is ordered to reflect this change in the docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [12] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 7th day of March, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE